NO. 07-11-00074-CR; 07-11-0075-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 10, 2011

_____

JOSE ANGEL MARTINEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT NO. 5 OF DALLAS COUNTY;

NO. F98-29599-L, F01-32449-K; HONORABLE CARTER THOMPSON, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ORDER ON ABATEMENT AND REMAND**

Appellant, Jose Angel Martinez, appeals from the trial court's determination to proceed to adjudications of guilt for the offenses of aggravated assault with a deadly weapon and sexual assault on a child.[1] Appellant filed notice of appeal on November 22, 2010. Thus, the appellate record was due to be filed by December 27, 2010. Neither the clerk's or reporter's record was filed by this deadline nor did the clerk or reporter request an extension of time to file the records.

_____

[1] Because no clerk's record has been filed in this case, the identification of the offenses for which appellant was convicted are as reflected in appellant's notice of appeal and docketing statement.

On February 17, 2011, by order of the Texas Supreme Court, this appeal was transferred from the Fifth District Court of Appeals to this Court. See TEX. GOV'T CODE ANN. § 73.001 (West 2005). By separate letters, both dated February 23, 2011, this Court notified the district clerk and official court reporter that the appellate record in this case had been due to be filed no later than December 27, 2010, and directed the clerk and reporter to advise this Court of the status of the records on or before March 7, 2011. We received the reporter's record on March 7, 2011. However, to date, we have neither received the clerk's record nor any response from the clerk to this Court's February 23, 2011 directive.

Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings. See TEX. R. APP. P. 35.3(c). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the status of the preparation of the clerk's record, and to enter any order necessary under the present circumstances to ensure that the clerk's record is filed as soon as practicable.

The trial court shall cause the hearing to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and any orders it may issue relating to this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments presented at the aforementioned hearing, if any. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the

2

clerk of this Court on or before April 7, 2011. Should further time be needed by the trial court to perform these tasks, same must be requested before April 7, 2011.

It is so ordered.

Per Curiam

Do not publish.